UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CASE NO. 3:12-cr-00188-FDW-SCR-2

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | |
| | ) | |
| ALAN BOYD DONTA BARNETT a/k/a "Big Al," | ) ) | **ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Defendant's Motions for Compassionate Release. (Docs. Nos. 1179, 1195.) The United States has responded to the initial Motion, (Doc. No. 1183), and this matter is now ripe for ruling. For the reasons set forth below, Defendant's Motions are **DENIED**.

### I. BACKGROUND

Defendant was named in a thirty-eight-count Superseding Indictment filed in the Western District of North Carolina on October 17, 2012. (Doc. No. 929, p. 7.) He is one of twenty-eight named individuals affiliated with the gang enterprise United Blood Nation (UBN). (Id.) The Superseding Indictment charged Defendant with Conspiracy to Commit Racketeering (Count One), Conspiracy to Distribute and Possession with Intent to Distribute Cocaine Base (Count Two), Illegal Use of Communication Facility (Count Four), Conspiracy to Commit Murder in Aid of Racketeering (Count Fourteen), and Hobbs Act Robbery Conspiracy (Counts Twenty-Four and Twenty-Seven). (Id.) On November 6, 2013, a jury found Defendant guilty on all counts. (Id.)

On July 17, 2020, Defendant filed the initial motion for compassionate release, in which he discusses the circumstances of the COVID-19 pandemic. (Doc. No. 1179.) The United States

1

filed its response on August 5, 2020. (Doc. No. 1183.) On November 12, 2020, Defendant filed a second, emergency motion for compassionate release again arguing the COVID-19 pandemic amounted to extraordinary and compelling circumstances supporting a reduction in his sentence. (Doc. No. 1195.)

Defendant is currently being held at Butner Federal Medical Center. His projected release date is December 7, 2036. See Inmate Locator, https://www.bop/gov/inmateloc/ (last visited June 13, 2024). Defendant requests the Court to reduce his sentence to time-served or place him in home confinement. (Doc. No. 1195, p. 48.)

## II. ANALYSIS

Defendant's motion seeks a reduction in his sentence under 18 U.S.C. § 3582(c)(1)(A). A defendant may seek a modification of his sentence from the court under § 3582(c)(1)(A) for "extraordinary and compelling reasons" if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." This exhaustion requirement is not jurisdictional and may be waived or forfeited if the United States fails to raise it. United States v. Muhammad, 16 F.4th 126, 130 (4th Cir. 2021). Where a defendant has administratively exhausted a claim for release or the United States fails to raise the issue, the district court conducts a two-step inquiry to decide whether a sentence reduction is appropriate under § 3582(c)(1)(A). United States v. Bond, 56 F.4th 381, 383 (4th Cir. 2023).

Here, administrative exhaustion is the initial issue. The United States claims Defendant has failed to exhaust his administrative requirements under § 3582(c)(1)(A). (Doc. No. 1183, p.

14.) Contrary to the United States' assertion, the exhaustion requirement is not jurisdictional. However, as the United States correctly identified, the requirement is a mandatory claims-processing rule. The United States did not waive the rule here; therefore, it must be enforced.

Defendant failed to demonstrate compliance with the exhaustion requirements, either in his initial motion or his second filing. Therefore, the Court cannot reach the merits of his motions.

**IT IS THEREFORE ORDERED** that Defendant's Motions for Compassionate Release, (Docs. Nos. 1179, 1195), are **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: June 13, 2024

_____
Frank D. Whitney
United States District Judge